UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS ENRIQUE TORRES GOMEZ

v.                          Case No. 8:19-cr-299-VMC-AAS
                                     8:21-cv-200-VMC-AAS

UNITED STATES OF AMERICA

_____/

**ORDER**

This matter is before the Court on Luis Enrique Torres Gomez's construed 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 183), which was filed on December 14, 2020. The United States responded on January 26, 2021, in the criminal case (Crim. Doc. # 185) and on February 3, 2021, in the civil case. (Civ. Doc. # 3). The Motion is granted to the limited extent set forth below.

**I.    Background**

Pursuant to a plea agreement, Gomez pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(ii). (Crim. Doc. ## 87, 135, 157). On June 15, 2020, the Court sentenced Gomez to 120 months in prison. (Doc. # 157). Gomez did not file a direct

appeal of his conviction and sentence within fourteen days of the entry of judgment, and the plea agreement contained a waiver of appeal. (Doc. # 121 at 16).

## II.  **Discussion**

On December 14, 2020, Gomez filed the instant Motion requesting leave to file a notice of appeal out of time. (Crim. Doc. # 183; Civ. Doc. # 1 at 1). Gomez explains that he "asked his counsel to file a timely notice of appeal," and "counsel stated that when he (counsel) return[ed] from his vacation, that in that instant he would file a notice of appeal for his client." (Civ. Doc. # 1 at 2). But according to Gomez, "no notice of appeal was ever submitted." (Id.).

The Court directed the government to respond to the Motion (Crim. Doc. # 184), and on January 20, 2021, the government specifically stated it did not object to the requested relief. (Crim. Doc. # 185). The government informed the Court:

> Taking no position on Torres Gomez's factual assertion underlying his motion, the government does not oppose his request.

(Id. at 2).

Federal Rule of Appellate Procedure 4(b)(4) only allows a district court to "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration

of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4. Judgment was entered against Gomez on June 15, 2020. (Crim. Doc. # 157). Accordingly, the Court construed Gomez's Motion as a motion to vacate, set aside, or correct a sentence (Crim. Doc. # 186), pursuant to 28 U.S.C. § 2255. See United States v. Diggs, 610 F. App'x 901, 903 (11th Cir. 2015) (noting that the defendant "sought an out-of-time appeal on the ground that trial counsel was ineffective for failing to file a notice of appeal, which federal courts adjudicate routinely in a motion to vacate, set aside, or correct a sentence, 28 U.S.C. § 2255").

Subsequently, the Court entered an order stating: "If the government opposes the motion to vacate, set aside, or correct sentence, or supplement its prior response, it has until February 3, 2021, to do so." (Civ. Doc. # 2). In the response, the government clarified that it believed Gomez did not meet the heavy burden of establishing constitutionally ineffective counsel or prejudice, as required under Strickland v. Washington, 466 U.S. 668, 687 (1984). (Doc. # 3 at 2).

Gomez's construed 2255 Motion is filed within one year, therefore it is timely. It has been this Court's experience that a claim of ineffective counsel must be brought before

3

the Court at considerable expense and inconvenience to the United States Marshals Service, as well as the United States Attorney's Office which must utilize its overstretched resources by having an Assistant United States Attorney respond to the motion and later prepare for and attend a hearing.

Additionally, in light of the Eleventh Circuit's opinion in Gomez-Diaz v. United States, 433 F.3d 788 (11th Cir. 2005), the fact that the Defendant executed a written plea agreement containing a provision in which he waived his right to appeal and collaterally challenge his sentence in the underlying criminal case does not foreclose him from raising an ineffective assistance of counsel claim based on trial counsel's alleged failure to pursue a direct appeal.

Finally, in light of the thorough and comprehensive inquiry this Court always undertakes with all defendants with regard to the standard waiver of appeal provision contained in the plea agreement, the Court is confident that any direct appeal pursued by the defendant will result in a dismissal of that appeal pursuant to United States v. Bushert, 997 F.2d 1343 (11th Cir. 1993), after the Government employs the simple and inexpensive procedure established in United States v. Buchanan, 131 F. 3d 1005 (11th Cir. 1997).

In light of the foregoing, the Court concludes that the interest of judicial economy would best be served by granting the motion to vacate, but only to the extent that Gomez will be afforded an out-of-time appeal pursued by appointed counsel. In doing so, the Court will utilize the procedure mandated by the Eleventh Circuit in United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).

The Eleventh Circuit court approves the granting of a motion to vacate without an evidentiary nearing if the district court follows Phillips. See United States v. Robinson, 648 F. App'x. 823 (11th Cir. 2016).

The Court emphasizes that this determination to grant Gomez a belated appeal in his related criminal case is made only in the interest of judicial economy and is not to be construed as a determination on the merits that trial counsel was in any manner ineffective in his representation of the defendant in the prior criminal proceedings.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Luis Enrique Torres Gomez's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 183) is **GRANTED,** but only to the

extent that he may file a belated appeal in the related criminal case.

(2)   The Court will enter an order in the related criminal case vacating the original judgment and imposing the identical sentence in a new judgment.

(3)   The Clerk is directed to enter judgment for Gomez and to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>5th</u> day of February, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE